**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5116**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

HARVEY D. THOMAS, III,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:10-cr-00069-JRS-1)

———————————

Submitted: May 16, 2011          Decided: May 23, 2011

———————————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David R. Lett, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jessica Aber Brumberg, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Harvey D. Thomas, III challenges his conviction for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (2006).[*] He raises two arguments on appeal. First, he maintains the district court abused its discretion when it allowed the Government to use leading questions on direct examination. Second, he contends that, absent the testimony wrongly elicited by its leading questions, the Government adduced insufficient evidence at trial to support his conviction. For the following reasons, we affirm the district court's judgment.

We review a district court's rulings on leading questions for a clear abuse of discretion and will not overturn such decisions absent prejudice or clear injustice to the litigant. United States v. Durham, 319 F.2d 590, 592 (4th Cir. 1963). Federal Rule of Evidence 611(a) gives broad discretion to the district court to control the "mode and order" of interrogating witnesses and the presentation of evidence. Subsection (c) of Rule 611 states that leading questions should

_____

[*] Although Thomas' statement of the issues references the sufficiency of the evidence to "sustain convictions for all six alleged distribution offenses," the argument in his brief only discusses the September 9, 2009, controlled buy. Accordingly, we conclude he abandoned any argument related to the sufficiency of the evidence supporting his other five convictions. See Federal Rule of Appellate Procedure 28(a)(9)(A).

not be used on direct examination except as necessary to develop the witness' testimony.  <u>See</u> Fed. R. Evid. 611(c).  The Advisory Committee Notes to subsection (c) give great deference to the trial judge: "The matter clearly falls within the area of control by the judge over the mode and order of interrogation and presentation and accordingly is phrased in words of suggestion rather than command."

Given the high degree of deference this court must allow a district court under Fed. R. Evid. 611, we conclude Thomas has failed to demonstrate reversible error in the district court's evidentiary rulings.  Given this conclusion, it follows that Thomas' challenge to the sufficiency of the evidence supporting his conviction fails.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>